**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

PAMELA LEE LESTER,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No. CIV-16-359-RAW-KEW
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
NANCY A. BERRYHILL, Acting⠀)
Commissioner of Social⠀⠀⠀)
Security Administration,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀)

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Pamela Lee Lester (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 17, 1959 and was 56 years old at the time of the ALJ's decision.  Claimant completed her high school education and obtained an associate's degree.  Claimant has worked in the past as a customer service representative, cashier, circulation district manager, and computer programmer.  Claimant alleges an inability to work beginning March 17, 2014 due to limitations resulting from neuropathy, bone spur, arthritis in her leg and hip, low back pain, and seizures.

## Procedural History

On September 3, 2014, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 5, 2015, Administrative Law Thomas Wheeler ("ALJ") conducted a hearing in McAlester, Oklahoma. On December 10, 2015, the ALJ issued an unfavorable decision. On July 5, 2016, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work. He also found Claimant could perform light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in failing to find Claimant's fibromyalgia severe and failing to include all of its limitations in the RFC.

## Consideration of Fibromyalgia

In his decision, the ALJ determined Claimant suffered from the severe impairments of osteoarthritis and allied disorders, epilepsy, and obesity. (Tr. 15). After consulting with a vocational expert, the ALJ concluded that Claimant retained the RFC to perform her past relevant work as a cashier II and office manager. (Tr. 21). He also found Claimant could perform light work. In so doing, the ALJ found Claimant could lift/carry 20 pounds occasionally and ten pounds frequently. Claimant was able to sit/stand/ walk six hours out of an eight hour workday. Clamant could push/pull as much as she can lift/carry. She could not climb ladders, ropes, or scaffolds and should avoid dangerous moving machinery, and working at heights. (Tr. 17). As a result, the ALJ found Claimant was not disabled from March 17, 2014 through the date of the decision. (Tr. 22).

Claimant contends the ALJ failed to properly evaluate the effects of Claimant's fibromyalgia. Claimant couches her challenge as either a step two violation in not identifying fibromyalgia as a severe impairment or an RFC error in failing to include the limitations associated with her fibromyalgia in the functional assessment. Because the ALJ did find that Claimant had severe impairments, any failure to find Claimant's additional impairments severe at step two is considered harmless error because the ALJ

would nevertheless be required to consider the effects of these impairments and account for them in formulating Claimant's RFC at step four. See, e.g., <u>Carpenter v. Astrue</u>, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [Claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.'"), quoting <u>Langley v. Barnhart</u>, 373 F.3d 1116, 1123-24 (10th Cir. 2004) and 20 C.F.R. § 404.1523. See also <u>Hill v. Astrue</u>, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal. But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.' ") [emphasis in original] [citations omitted]. The failure to find Claimant's fibromyalgia

severe at step two is not reversible error.

Claimant also contends the failure to include the limitations associated with the condition in the RFC constitutes reversible error. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).

Claimant's treating physician, Dr. Michael Andrew Malloy,

diagnosed Claimant with fibromyalgia, finding her to have 16 of 18 tender points. (Tr. 414). He prescribed gabapentin for the condition. Id. This diagnosis was made on September 29, 2015 which was subsequent to the state agency opinions which were rendered in the case. (Tr. 73-74, 97-100). Dr. Malloy, however, did not provide any functional limitations which would further restrict Claimant's RFC. Indeed, Dr. Malloy recommended that Claimant "work on increasing stretching and exercise and attempt to stretch twice daily and perform aerobic exercise at least 6 days per week." He also recommended "yoga, pilates, Tai Chi, swimming, and riding a bicycle (outside or stationary)." (Tr. 408). These are not the type of activities which would suggest Claimant's ability to engage in basic work activities are restricted by her fibromyalgia condition. Nothing in the record suggests that she is functionally limited more severely than the ALJ found in the RFC assessment.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14)

days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of April, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE